JACOB VAN BUSKIRK ET AL. v. THE HOBOKEN AND NEW YORK RAILROAD COMPANY.

1. When judgment is rendered against several plaintiffs in a court for the trial of small causes, either one of them may appeal in the name of all, and proceed by summons and severance, or according to our practice, by rule served on those who fail to unite in the appeal, to show cause why he should not prosecute the appeal alone.
2. It must be made to appear to the court that those who are absent are aware of the procedure, the result of which is to affect their interests.
3. The case of *Sheppard and Williams* v. *Fenton*, 4 *Halst.* 8, commented on and approved, and that of *Pharo and Faulkenburgh* v. *Parker*, 1 *Zab.* 332 and 753, distinguished from the present one.

*Rev., p. 98, § 7. †Rev., p. 841, § 24–27.

Argued in the branch court before the CHIEF JUSTICE and Justice VREDENBURGH.

Two out of six plaintiffs in the court for the trial of small causes, appealed from a judgment against them to the Court of Common Pleas. When this appeal came on for trial, a motion was made to dismiss the same, on the ground that all the plaintiffs below had not appealed, and there had been no summons and severance. The court yielded to this motion and dismissed the appeal, although the appellants offered to enter a rule immediately for a severance. The motion in this court was for a *mandamus*, directing the reinstatement of the appeal.

For the motion, *A. G. Richey*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. In the case of *Sheppard and Williams* v. *Fenton*, 4 *Halst.* 8, this court adopted, in cases of appeals from the justices' court by one of several parties, the practice incident to writs of error and *certiorari* under similar circumstances. That practice was to permit one or more of several parties against whom a judgment had passed, to take an appellate proceeding in the name of all. If, after the return of the writ, the others would not come in and join with him who had been thus far the actor, then there was required to be a summons and severance—that is, in our practice, a rule was taken and served upon those who had failed to appear, to show cause why he who had sued out the writ should not prosecute it alone. As the law thus permits one party to use the names of the others without being obliged to ask their consent, it seems to be proper that the opportunity should be afforded them to come in, and take such part in the appellate court as they may deem advisable. These absent parties are to be affected by the judgment on the appeal, and yet, unless the rule as indicated above, is necessary to be taken and served, there is no mode in which it can be formally made to appear to the court, that such absent

parties are at all aware of this procedure, the result of which is to affect their interests. In the case now pending before us, there is no indication in the facts as disclosed, that those appellants who did not join in the appeal had any notice whatever of its pendency, and yet it is obvious that, as the cause stood before the Common Pleas, they might ultimately have been subjected to the burthen of additional costs. Under such circumstances, justice seems to require that litigants should be formally notified of the pendency of the proceedings; and I think the course adopted for that purpose in the decision above cited, is both simple and efficacious, and should be adhered to. I do not, therefore, find any error in the action of the pleas in dismissing the appeal in the present case. It is obvious that the offer of the appellant at the time of trial to enter a rule for a severance, was imperfect, as it did not, and could not provide for the notification of the absent parties.

On the argument of the present motion, the case of *Pharo and Faulkenburgh* v. *Parker*, 1 *Zab.* 332 and 753, appeared to be considered by counsel as directly in point, and as overruling the case above referred to.

It does not seem to me that these authorities necessarily conflict. It is certain the court in the more recent case, does not intimate any intention to abolish the rule established by the older one. The facts in the two cases did not call for the application of a similar principle—for in the case in Zabriskie the proceedings were conducted by virtue of the statute respecting joint obligations. In such a method it might, with more show of reason, be held that as the act authorized the suit to go to judgment against both joint debtors, the process being served only on one of them, the party so served might likewise be the sole representative of the joint interest in the court above. To put the present case on the basis above indicated, does not necessarily disturb this decision. But however this may be, the rule prescribed in the opinion of Chief Justice Ewing, in the case contained in 4 *Halst.*, is so eminently convenient and in every respect proper, that I think it should not be abandoned.

The motion for the *mandamus* is denied.